**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
MAY SESSION, 1997**

**FILED**

August 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

DELMER RAY HALL,      )
                                 )
       **Appellant**      )
                                   )
vs.                              )
                                   )
STATE OF TENNESSEE,      )
                                   )
       **Appellee**      )

No. 01C01-9608-CR-00353

WILLIAMSON COUNTY

Hon. HENRY DENMARK BELL, Judge

(Expunction of Record)

For the Appellant:

**DELMER RAY HALL**, *Pro Se*
Riverbend Max. Security Inst.
Unit 6-A-114
7475 Cockrill Bend Ind. Rd.
Nashville, TN  37209-1010

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**JANIS L. TURNER**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**JOSEPH D. BAUGH**
District Attorney General

**JOHN BARRINGER**
Assistant Attorney General
Post Office Box 937
Franklin, TN  37065-0937

OPINION FILED:  _____

**REVERSED AND REMANDED**

**David G. Hayes**
Judge

This is a *pro se* appeal in which the appellant, Delmer Ray Hall, appeals the Williamson County Circuit Court's dismissal of his petition to expunge public records. The trial court dismissed the appellant's petition finding the petition barred by the ten year statute of limitations, Tenn. Code Ann. § 28-3-110 (1980) (limitations of actions other than real). In this Rule 4(a) appeal, the appellant contends that the language of Tenn. Code Ann. § 40-32-101 (1990), regarding the expunction of dismissed misdemeanor charges, is mandatory and, therefore, the trial court improperly denied his petition.

After review, we reverse and remand this case to the trial court.

The appellant's petition alleges that, on November 14, 1980, he was arrested on two charges of assault and battery in Williamson County. He further avers that these charges were dismissed on December 1, 1980, by the General Sessions Court. He was subsequently convicted for assault with intent to commit first degree murder and is currently serving a thirty-three year sentence in the Department of Correction.

On July 24, 1995, the appellant filed a *pro se* petition in the Williamson County General Sessions Court for expunction of records relating to the dismissal of the assault and battery charges, as well as expunction of all records relating to these charges in the possession of various law enforcement agencies. The petition was denied. The appellant timely filed a notice of appeal to the Circuit Court. At the scheduled hearing on October 23, 1995, the court dismissed the petition, adopting the State's argument that the petition was

2

barred, on its face, by the statute of limitations.[1]  The appellant now appeals the trial court's ruling.

Initially, we note that neither party, in their respective briefs to this court, recognizes or responds to the Circuit Court's finding that Tenn. Code Ann. § 28-3-110 bars the appellant's petition.  Rather, the issues presented and argued by the appellant before this court address the expunction of the records of the dismissed charges and records held by law enforcement agencies, neither of which were addressed by the trial court.[2]  In order to prevent additional delay and further needless and protracted litigation on this relatively uncomplicated issue, we elect to proceed on the merits.  Tenn. R. App. P. 2; Tenn. R. App. P. 13(b).

The relevant statute, Tenn. Code Ann. § 40-32-101(a), provides, in part:

> All public records of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed, or a no true bill returned by the grand jury, or a verdict of not guilty returned by a jury or a conviction which has by appeal been reversed, shall, upon petition by that person to the court having jurisdiction in such previous action, be removed and destroyed without cost to such person . . . .

(Emphasis added).  By the plain language of the provision, the trial court is without the discretion to deny the petition.  State v. McCary, 815 S.W.2d 220, 222 (Tenn. Crim. App. 1991); see also  State v. Liddle, 929 S.W.2d 415 (Tenn. Crim. App. 1996); Eslick v. State, 924 S.W.2d 559 (Tenn. Crim. App. 1996).

The ten year statute of limitation for actions other than real, Tenn. Code Ann. § 28-3-110, has no application to the case before us.  Expunction of records does not constitute a cause of action; it is a ministerial duty of the court.  Moreover, Tenn. Code Ann. § 40-32-103 (1990) expressly provides that "[t]he

---

[1]No proof was introduced at the trial level to support the allegations in the petition, i.e., that the misdemeanor charges were, in fact, dismissed.

[2]The State, in its brief, only responds to the issue of the expunction of records held by law enforcement agencies.

3

provisions of [Chapter 32, Destruction of Records Upon Dismissal or Acquittal,] shall apply to those persons charged with a misdemeanor or a felony prior to July 1, 1973. . . ."[3] The plain language of the chapter, therefore, precludes any tolling of the time for the filing of a petition for expunction. Accordingly, Tenn. Code Ann. § 28-3-110 <u>cannot</u> operate as a bar to a petition for expunction.

Because no statute of limitations exists to bar a petition for expunction, the judgment of the trial court must be vacated. However, for instructive purposes upon remand, previous decisions of this court have held that records in the possession of law enforcement agencies are not expungeable. <u>See</u> Tenn. Code Ann. § 40-32-101(b); <u>see also</u> <u>State v. Bridges</u>, No. 01C01-9508-CC-00271 (Tenn. Crim. App. at Nashville, July 26, 1996) (citing <u>State v. Norris</u>, 684 S.W.2d 650, 653 (Tenn. Crim. App. 1984); <u>State v. Doe</u>, No. 155 (Tenn. Crim. App. at Knoxville, Aug. 6, 1986)). We, therefore, reverse the judgment of the trial court in dismissing the petition and remand this matter to the trial court for expunction according to the statute and consistent with this opinion.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
JERRY L. SMITH, Judge

_____

[3]July 1, 1973, was the effective enactment date of this chapter. This section remains unamended.